Barry KNELMAN; Penny Knelman, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 01–70829.

T.C. No. 99–8397.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002*.

Decided April 17, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM**

Barry and Penny Knelman appeal pro se the tax court's decision determining the Knelmans owe income tax and penalties for 1994. We have jurisdiction pursuant to 26 U.S.C. § 7482(a), and we affirm.

We review de novo the tax court's conclusions of law and for clear error its findings of fact. *See Getty v. CIR*, 913 F.2d 1486, 1490 (9th Cir.1990). The tax court properly determined that the Knelmans are subject to tax on the income from their business. *See* 26 U.S.C. § 61(a); *Getty*, 913 F.2d at 1490. The Commissioner of Internal Revenue satisfied his initial burden by presenting stipu-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

lations of fact and other documentary evidence showing that the Knelmans had not paid taxes on taxable income from 1994, and that they had improperly claimed excessive deductions. *See Rapp v. CIR,* 774 F.2d 932, 935 (9th Cir.1985). Any alleged procedural irregularities in the Commissioner's examination process are irrelevant to the tax court's determination of whether, on the merits, there is a deficiency in the tax. *See Kantor v. CIR,* 998 F.2d 1514, 1521–22 (9th Cir.1993).

The Knelmans' remaining contentions lack merit.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.