T.C. Memo. 2003-26


UNITED STATES TAX COURT


LARRY A. MICHAEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12218-02L.                    Filed January 30, 2003.


Larry A. Michael, pro se.

<u>Lisa K. Hartnett</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  Petitioner, while residing in Akron, Iowa, petitioned the Court under section 6330(d) to review respondent's determination as to a proposed levy upon petitioner's property. Respondent proposed the levy to collect 1994, 1995, and 1996

Federal income taxes of approximately $10,925.41.[1]  Currently, the case is before the Court on respondent's motion for summary judgment under Rule 121.

We shall grant respondent's motion for summary judgment. Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner failed to file Federal income tax returns for 1994, 1995, and 1996.  On April 23, 1998, respondent prepared substitutes for returns for petitioner for the respective years.

On September 29, 1999, respondent sent to petitioner a notice of deficiency for 1994, 1995, and 1996.  The notice determined that petitioner was liable for deficiencies in his 1994, 1995, and 1996 Federal income taxes and additions to tax as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1994 | $2,239 | $314 | $59.53 |
| 1995 | 2,269 | 324 | 64.42 |
| 1996 | 2,494 | 575.50 | 121.39 |

On November 7, 1999, petitioner sent to respondent a letter acknowledging receipt of the notice of deficiency.  That letter stated:

---

[1] We use the term "approximately" because these amounts were computed before the present proceeding and have since increased on account of interest.

-3-

> According to your "Deficiency Notice" of above date
> (cover sheet attached), there is an alleged deficiency
> with respect to my 1994, 1995, & 1996 income taxes * *
> * and if I wanted to "contest this deficiency before
> making payment," I must "file a petition with the
> United States Tax Court."  Before I file, pay, or do
> anything with respect to your "Notice" I must first
> establish whether or not it was sent pursuant to law,
> whether or not it has the "force and effect of law,"
> and whether you had any authority to send me the Notice
> in the first place.
>
> *       *       *       *       *       *       *
>
> Let me further point out that IR Code Sections 6001 and
> 6011 (as identified in the 1040 Privacy Act) notifies
> [sic] me that I need only "comply with regulations."
> ***Nothing in the Privacy Act Notice or in the above
> statutes informs me that I have to "comply" with, or
> pay attention to, letters and/or alleged
> "determinations" sent to me by various and sundry
> employees of the IRS.***
>
> *       *       *       *       *       *       *
>
> And let me further add, that if the IRS attempts to
> assess and collect the alleged Deficiency by distraint
> without responding to my above requests, I will sue the
> government pursuant to Code Section 7433 because the
> IRS will be "recklessly and intentionally disregarding"
> the statutes mentioned above together with their
> implementing regulations (or lack thereof) along with a
> number of other statutes that I need not list and/or
> identify here.

Petitioner did not petition this Court with respect to the notice of deficiency.  On February 21, 2000, respondent assessed the amount of the deficiencies and additions to tax shown in the notice of deficiency.

On November 26, 2001, respondent mailed to petitioner a letter, Final Notice - Notice of Intent to Levy and Notice of

Your Right to a Hearing (final notice).  The final notice informed petitioner of his tax liability for 1994, 1995, 1996, and 1997.[2]  In addition, the final notice informed petitioner of (1) respondent's intent to collect that liability through a levy upon his property pursuant to section 6331 and (2) petitioner's right under section 6330 to a hearing with respondent's Office of Appeals (Appeals) to discuss the proposed levy.  Enclosed with the final notice was a copy of Form 12153, Request for a Collection Due Process Hearing.

On December 17, 2001, respondent received from petitioner a Form 12153 requesting the referenced hearing.  Petitioner attached a letter entitled "Request for a Collection Due Process Hearing as Provided for in Code Sections 6320 & 6330."  That letter stated:

> It is clear that before any appeals officer can recommend the seizure of any property pursuant to Code Section 6331 certain elements have to be present.  For one thing (pursuant to that statute) that person has to be statutorily "liable to pay" the taxes at issue, and only after he "neglects or refuses to pay the same within 10 days after notice and demand," can his property be subject to seizure.  Therefore, apart from the appeals officer having to identify the statute that makes me "liable to pay" the taxes at issue, he needs to have a copy of the **_statutory_** "notice and demand" which I "neglected" and "refused" to pay.  In addition, I can't be "liable" to pay an income tax, if the tax in question has never been assessed against me as required by Code Sections 6201 and 6203.  So I will need to see a copy of the record of my assessments.

---

[2] Petitioner does not contest in this case his 1997 tax liability.

\*    \*    \*    \*    \*    \*    \*

If the appeals officer recommends "enforcement of collection action including levy," without having produced these specific documents, then it will be obvious that the appeals officer **is simply attempting to thwart and circumvent the Code Section 6330 in order to enable the IRS to continue its practice of making the illegal seizures uncovered by the Senate Finance Committee, as referred to by Senator Roth in his book,** and which *THE "DUE PROCESS HEARING" was designed to eliminate.*

On February 26, 2002, the Appeals Officer, Robert L. Amick, sent to petitioner a letter in which he suggested that a hearing be held in March 2002 either in the IRS office in Sioux City, Iowa, or in the Omaha Appeals Office in March 2002. In addition, the Appeals officer advised petitioner that he (the Appeals officer) requested certified transcripts of petitioner's accounts "to provide evidence that the amounts due do in fact exist." Petitioner responded to that letter on March 18, 2002. He requested a hearing in late June or early July. On March 19, 2002, the Appeals officer mailed to petitioner a letter in which he suggested that petitioner set a meeting date and time by the end of the month. Enclosed with the letter were Forms 4340, Transcripts of Assessments, Payments, and Other Specified Matters. Forms 4340 were for petitioner's taxable years 1994, 1995, and 1996, and were dated March 6, 2002. The Appeals officer sent to petitioner four other letters on March 21, March 29, May 7, and June 7, 2002, respectively. In his March 29, 2002, letter, the Appeals officer suggested that the hearing be

held on June 28, 2002, and requested petitioner to confirm that date by the end of April 2002.  Because petitioner did not respond to the March 21, March 29, and May 7 letters, the Appeals officer stated in his June 7, 2002, letter that he would assume that petitioner was forgoing the face-to-face hearing and advised petitioner that he (the Appeals officer) could make a determination to sustain the levy action because petitioner has failed to set a time for a hearing.  The Appeals officer also informed petitioner that he had received a box of papers and a video tape on May 31, 2002.[3]  On June 13, 2002, petitioner finally responded to the June 7 letter and requested that the hearing be postponed indefinitely or "at least into late July".  Petitioner's response stated that his wife had health problems.

The Appeals officer responded to that letter of petitioner on July 3, 2002, enclosing additional MFTRA-X transcripts of petitioner's accounts.  That letter stated:

> We have spent time corresponding with discussions about your underlying liability, but you are preclude [sic] from raising such issues in this proceeding since you have been properly given the right to dispute those issues before.  You have refused to acknowledge that your income is subject to tax and refused to submit information to change that tax liability.
>
> You should concentrate your efforts in preparing and filing proper returns for 1994 through current years so

---

[3] The record does not reveal the contents of the box of papers or the video tape.

that the Internal Revenue Service will have the correct assessments.  This could reduce your outstanding liabilities so they could be manageable and payable in a shorter period of time.  For example, if you were married and could file jointly for 1994 through 1996, you could have more deductions.  If you had dependents, you could have more deductions and possible credits.  By declaring that your income was not taxable, you forced the Service into determining your liability without possible deductions and credits that you should have provided evidence of.

Because you haven't provided information to show the liabilities were incorrect, the outstanding amounts are sustained and we have to concentrate on how you are going to pay them.  Since you haven't provided evidence of how much you can pay from income and assets, the Service is forced into taking levy action.  This could lead to levy action on your assets, wages and social security income.

Under the circumstances, I have no choice but to close your case, giving you the right to petition the courts with your arguments over the collection actions.

On July 8, 2002, petitioner sent to Appeals another letter.

That letter stated:

You state that your records show that we were sent a "Notice of Deficiency."  Your records are wrong!  We were never sent a "Statutory Notice of Deficiency" by the IRS as our attached affidavit states.

 *  *  *  *  *  *  *

You also state that I declared that my income is not taxable, which is correct.  You have not given one single Code Section, Federal Regulation, or a Law of any kind, to declare that my income is taxable.  I have shown you more information than you said that you were able to go through or study to PROVE TO YOU THAT MY INCOME IS NOT TAXABLE and your whole process is fraudulent and illegal!  But you refuse to look into any of it!  I can understand why.  If you were to open your eyes and ears long enough to actually check out what we have provided as evidence, you would have to to [sic] make a very personal decision.  You would have to

decide whether you could remain working for such a lawless organization as the IRS. **If you would continue working for the IRS then you would be willfully and knowingly acting under the Color of Law, and would be nothing less than a common criminal!**

\*       \*       \*       \*       \*       \*       \*

We also attached a copy of the Code of Federal Regulations Parallel Table of Authorities. If you will check, you will find all penalties, assessments, authority to make returns for the taxpayer, are all in Title 27, Alcohol, Tobacco, and Firearms, not in Title 26, Income Tax.

A face-to-face hearing was not held with petitioner. Instead, on the basis of petitioner's letters and attached documents, and because of a failure by petitioner to set a date or time for a hearing, Appeals issued to petitioner on July 16, 2002, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for 1994, 1995, and 1996. This notice reflected the determination of Appeals to sustain the proposed levy on petitioner's property.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

As will be shown in the discussion that follows, petitioner has raised no genuine issue as to any material fact. Accordingly, we conclude that this case is ripe for summary judgment.

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay that tax within 10 days after notice and demand for payment, the Commissioner may collect the tax by levy on the person's property. See also sec. 7701(a)(11)(B) and (12)(A) (reference in statute to "Secretary" includes reference to Commissioner). Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Commissioner must provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person. See also sec. 7701(a)(11)(B) and (12)(A).

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of a hearing before Appeals) and, if dissatisfied, with judicial review of the administrative

determination.  <u>Davis v. Commissioner</u>, 115 T.C. 35, 37 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 179 (2000).  In the event of such a judicial review, the Court's standard of review depends on whether the underlying tax liability is at issue.  The Court reviews a taxpayer's liability under the de novo standard where the validity of the underlying tax liability is at issue.  The Court reviews other administrative determinations for abuse of discretion.  <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000).  A taxpayer's underlying tax liability may be at issue if he or she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Sec. 6330(c)(2)(B).

Here, respondent notified petitioner that he was proposing to levy upon petitioner's property in order to collect petitioner's Federal income tax debt for 1994, 1995, and 1996. Following the determination by Appeals that respondent's proposed levy was proper, petitioner sought relief in this Court.  In order to decide this case, we focus on assignments of error set forth in the petition that commenced this proceeding.  Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded.").

Petitioner asserts in his petition numerous allegations of error in the Appeals officer's determination.  Many of these allegations are either frivolous and groundless or irrelevant to

the Appeals officer's determination.  We focus on only those arguments which are relevant to the Appeals officer's determination.  We classify those arguments in two categories.  The first category pertains to the existence or validity of the underlying tax liability.  The second category pertains to the procedure by which respondent has assessed petitioner's tax liability and/or reviewed the validity of it.

As to the first category, the record shows that petitioner has received a notice of deficiency for 1994, 1995, and 1996, and that he had an opportunity to dispute in this Court respondent's determination set forth in that notice.  He chose not to dispute those determinations timely.  See sec. 6213(a) (notices of deficiency addressed to taxpayers inside the United States may be challenged by those taxpayers generally by filing a petition with this Court within 90 days after the notice of deficiency is mailed).  We reject this first category of arguments as untimely and advanced improperly.  Petitioner is precluded from disputing his underlying tax liability in this proceeding.  Sego v. Commissioner, supra.

As to the second category of arguments, pertaining to respondent's procedures, each of these arguments is frivolous and has been previously rejected by this Court.  E.g., Bartschi v. Commissioner, T.C. Memo. 2002-268 (and cases cited therein); Tolotti v. Commissioner, T.C. Memo. 2002-86. Petitioner argues

that the notice of deficiency issued to him was invalid because, he asserts, it was not signed by the Secretary or somebody delegated by the Secretary.  We consider this argument frivolous. The notice of deficiency was signed by the Director of an Internal Revenue Service Center.  The Secretary or his delegate is authorized by statute to issue notices of deficiency, secs. 6212(a), 7701(a)(11)(B) and (12)(A)(i), and it is well established that the Director of an Internal Revenue Service Center is an authorized delegate, e.g., Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Nestor v. Commissioner, 118 T.C. 162 (2002); Weishan v. Commissioner, T.C. Memo. 2002-88.

Petitioner argues that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1).  We disagree.  First, section 6330(c)(1) does not require the Commissioner to rely upon a particular document (e.g., the summary record itself rather than transcripts of account) to satisfy this verification requirement. Kuglin v. Commissioner, T.C. Memo. 2002-51; see also Weishan v. Commissioner, supra.  Second, the Appeals officer is not required to give the taxpayer a copy of the verification that the requirements of any applicable law or administrative procedure have been met.  Sec. 6330(c)(1); sec. 301.6330-1(e)(1), Proced. & Admin. Regs.; see also Nestor v. Commissioner, supra.  More

importantly, in this case, petitioner not only received copies of the MFTRA-X transcripts but also Forms 4340. Even standing alone, the MFTRA-X transcripts, which were reviewed by the Appeals officer, are a valid verification that the requirements of any applicable law or administrative procedure have been met.[4] Roberts v. Commissioner, 118 T.C. 365 (2002); Mudd v. Commissioner, T.C. Memo. 2002-204; Howard v. Commissioner, T.C. Memo. 2002-81; Mann v. Commissioner, T.C. Memo. 2002-48. We hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1). Yacksyzn v. Commissioner, T.C. Memo. 2002-99; cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).

Petitioner has failed to raise any arguments which have not been previously rejected by this Court. Moreover, petitioner was offered an opportunity for a hearing. By virtue of his own volition, however, petitioner attempted to delay a hearing

_____

[4] Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. The summary record of assessment must "provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs. The Forms 4340 and MFTRA-X transcripts received by petitioner contained all this information. Petitioner has not demonstrated in this proceeding any irregularity in the assessment procedure that would raise a question about the validity of the assessment or the information contained in the Forms 4340 and MFTRA-X transcripts. See Mann v. Commissioner, T.C. Memo. 2002-48. We hold that the assessment made by respondent is valid. See Kuglin v. Commissioner, T.C. Memo. 2002-51; see also Duffield v. Commissioner, T.C. Memo. 2002-53.

indefinitely and did not agree on any date or time for a hearing. Thus, notwithstanding petitioner's request to have a "hearing" under section 6330, we consider it neither necessary or productive to remand this case to Appeals to hold a hearing. Lunsford v. Commissioner, 117 T.C. 183 (2001). We sustain respondent's determination as to the proposed levy as a permissible exercise of discretion.

We find petitioner's arguments to be frivolous and/or groundless. We admonish petitioner, if he appears in this Court again, not to make the same type of arguments. Should petitioner decide to disregard our warning and to continue advancing frivolous and/or groundless arguments, we shall consider imposing a penalty on petitioner under section 6673(a).

We have considered all arguments and have found those arguments not discussed herein to be irrelevant and/or without merit. To reflect the foregoing,

An appropriate order and decision will be entered for respondent.