T.C. Memo. 2006-254

UNITED STATES TAX COURT

DENIS J. FARIS AND CAROLYN M. FARIS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9542-05L.                    Filed November 27, 2006.

Denis J. Faris and Carolyn M. Faris, pro sese.

Kelley A. Blaine, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Pursuant to section 6330(d),[1] petitioners
seek review of respondent's determination to proceed with
collection of their 1997 and 1998 income tax liabilities.  The

_____

    [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

issues for decision are: (1) Whether respondent may proceed with collection of petitioners' 1997 and 1998 income tax liabilities; and (2) whether petitioners are liable for a penalty pursuant to section 6673.

## FINDINGS OF FACT

None of the facts have been stipulated. At the time they filed the petition, petitioners resided in Portland, Oregon.

Petitioners timely filed Federal income tax returns for 1997 and 1998.

Respondent sent notices of deficiency for 1997 and 1998 to petitioners.[2] Petitioners did not petition the Court for a redetermination of the 1997 or 1998 deficiencies.

On January 1 and July 23, 2001, respondent assessed the 1997 and 1998 deficiencies, respectively.

On September 1, 2004, respondent sent petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (collection notice) with respect to petitioners' 1997 and 1998 taxable years. The collection notice showed unpaid taxes, interest, and penalties for 1997 and 1998 of $9,696.48.

On September 20, 2004, petitioners timely filed a Form 12153, Request for a Collection Due Process Hearing.

---

[2] The notice of deficiency for 1998 was issued on Dec. 22, 2000. At trial, respondent was unable to produce a copy of the notice of deficiency for 1997. However, petitioners admitted that they received "a document entitled 'Notice of Deficiency'" from the Internal Revenue Service regarding 1997.

Petitioners attached to their Form 12153 an "Affidavit of Material Facts" containing frivolous and groundless arguments, questions and statements regarding, inter alia, their underlying liability for income taxes, the legality of imposing income taxes on individuals, and respondent's authority to collect income taxes.

Settlement Officer John Malone was assigned to petitioners' case. In a letter dated February 4, 2005, the settlement officer acknowledged receipt of petitioners' Form 12153 and other materials. In that letter, the settlement officer informed petitioners that the arguments they advanced were frivolous, groundless, or arguments that Appeals Office employees may not consider. The letter also informed petitioners of the Appeals Office policy of not granting face-to-face hearings if the only items a taxpayer wishes to discuss are frivolous, groundless, or arguments that Appeals Office employees may not consider. In the letter, the settlement officer scheduled a phone conference with petitioners for March 10, 2005.

On February 16, 2005, petitioners mailed a letter to the settlement officer again requesting a face-to-face hearing and stating that they would not be available for a phone conference on March 10, 2005. On the same day and on February 18, 2005, petitioners submitted several "Freedom of Information Request[s]"

asking for extensive (and, in many cases, irrelevant) documentation relating to their 1997 and 1998 tax years.

On February 20, 2005, petitioners mailed another letter to the settlement officer. In that letter, petitioners again advanced frivolous and groundless arguments. Petitioners argued, inter alia, that they are not required to file a tax return without having been personally served with notice of such requirement by the Secretary of the Treasury, that "there is no statute that makes [us] liable for income tax", that the income tax applies only to Federal Government employees, and that respondent lacks authority to assess or collect income taxes.

On March 11, 2005, the settlement officer mailed a letter to petitioners. He noted that petitioners had not called him for the March 10, 2005, hearing and that petitioners, at that point, still had failed to raise an issue that could be considered by the Appeals Office. The letter advised petitioners to contact the settlement officer by March 28, 2005, if they wished to submit additional materials for his consideration or to reschedule the phone conference. The letter informed petitioners that if the Appeals Office did not receive any further information from petitioners, their case would be reviewed based on the information in petitioners' file.

Petitioners replied in a letter dated March 19, 2005. In this letter, petitioners made several demands. They demanded

that the settlement officer grant them a face-to-face hearing, that, at the hearing, the settlement officer produce a multitude of documents (many of which were, once again, irrelevant to the section 6330 hearing), and that the settlement officer be prepared to discuss at the hearing petitioners' frivolous and groundless arguments. Petitioners did not offer a collection alternative at any point in their correspondence with the settlement officer.

On April 21, 2005, respondent issued a Notice of Determination Concerning Collection Action(s) Under Sections 6320 and/or 6330 (notice of determination) regarding petitioners' unpaid 1997 and 1998 income tax liabilities. In the notice of determination, respondent determined that the proposed levy should be sustained because petitioners had "failed to provide [respondent] with an alternative collection that satisfies [petitioners'] liabilities."

On May 23, 2005, petitioners timely filed a petition for lien or levy action under section 6320(c) or 6330(d) appealing respondent's determination to proceed with collection of petitioners' 1997 and 1998 tax liabilities. Petitioners asserted that they had been denied a section 6330 hearing and repeated several frivolous and groundless arguments they had raised in their correspondence with the settlement officer.

OPINION

I.  Determination To Proceed With Collection

Section 6330(a) provides that the Secretary shall furnish taxpayers with written notice of their right to a hearing before any property is levied upon.  Section 6330 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a prescribed 30-day period.  Sec. 6330(a) and (b).

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection.  Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000). If a taxpayer received a statutory notice of deficiency for the year in issue or otherwise had the opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the underlying tax liability.  Sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.

Aside from raising frivolous arguments regarding the validity of the notices they received, petitioners admit that they received notices of deficiency for 1997 and 1998.  Thus,

petitioners are precluded from challenging the existence or amount of the underlying tax liabilities for 1997 and 1998.  See sec. 6330(c)(2)(B); Sego v. Commissioner, supra; Goza v. Commissioner, supra.  We review respondent's determination for abuse of discretion.  See Sego v. Commissioner, supra at 610.

Petitioners state in their petition that they were denied their right to a face-to-face hearing as provided in section 6330.  We have held that it would be unproductive and thus unnecessary to remand a case for a face-to-face hearing if petitioners merely want to advance frivolous arguments.  See Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Stephens v. Commissioner, T.C. Memo. 2005-183; Balice v. Commissioner, T.C. Memo. 2005-161.

In numerous letters to respondent, in their petition and in their briefs, petitioners advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts.  Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986); Charczuk v. Commissioner, 771 F.2d 471 (10th Cir. 1985), affg. T.C. Memo. 1983-433; Michael v. Commissioner, T.C. Memo. 2003-26; Knelman v. Commissioner, T.C. Memo. 2000-268, affd. 33 Fed. Appx. 346 (9th Cir. 2002).  We shall not painstakingly address petitioners' assertions "with somber reasoning and

copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Petitioners have failed to make a valid challenge to the appropriateness of respondent's intended collection action, offer alternative means of collection, or offer any spousal defenses. These issues are now deemed conceded. Rule 331(b)(4).

Accordingly, we conclude that respondent did not abuse his discretion, and we sustain respondent's determination to proceed with collection for 1997 and 1998.

II. Section 6673(a)

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceedings or instituted the proceedings primarily for delay. A position maintained by the taxpayer is "frivolous" if it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

In his correspondence with petitioners, the settlement officer advised petitioners to read an IRS publication entitled "The Truth About Frivolous Tax Arguments", which explains the defects in several of petitioners' arguments. The settlement officer also sent petitioners a copy of Pierson v. Commissioner,

115 T.C. 576 (2000), in which this Court issued an unequivocal warning to taxpayers concerning the imposition of penalties pursuant to section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions. At trial, the Court advised petitioners that the arguments they were advancing had been universally rejected by the courts that have considered them. Petitioners' positions, based on stale and meritless contentions, are manifestly frivolous and groundless. This has caused the Court to waste limited resources. Accordingly, we shall impose a penalty of $2,500 pursuant to section 6673.

To reflect the foregoing,

Decision will be entered for respondent.