T.C. Memo. 2007-225

UNITED STATES TAX COURT

JAMES BENJAMIN WOOD III, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5508-06L.          Filed August 13, 2007.

James Benjamin Wood III, pro se.

<u>Jeffrey S. Luechtefeld</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case was commenced in response to a
Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330.[1]  The issues for decision are:  (1)
Whether respondent may proceed with collection of petitioner's

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

1992 and 1993 income tax liabilities; and (2) whether petitioner is liable for a penalty pursuant to section 6673.

## Background

At the time he filed the petition, petitioner resided in Florida.

Petitioner failed to file Federal income tax returns for 1992 and 1993. On March 13, 1995, respondent prepared substitutes for return for 1992 and 1993. On August 26, 1996, respondent assessed $15,343 of tax for 1992, $1,626 of tax for 1993, and interest and additions to tax for 1992 and 1993. On August 1, 2005, respondent issued to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing regarding petitioner's outstanding 1992 and 1993 income tax liabilities.

On August 8, 2005, petitioner sent respondent a Form 12153, Request for a Collection Due Process Hearing (section 6330 hearing request). Petitioner attached to the Form 12153 several documents containing frivolous and groundless arguments, questions, and statements regarding his liability for income taxes, the legality of imposing income taxes on individuals, and respondent's authority to collect income taxes.

Settlement Officer James Feist was assigned to petitioner's case. In a letter dated January 20, 2006, Settlement Officer Feist acknowledged receipt of petitioner's Form 12153 and other

materials (January 2006 letter). In the January 2006 letter, Settlement Officer Feist: (1) Informed petitioner that the arguments he advanced were frivolous, groundless, or arguments that Appeals Office employees may not consider; (2) requested petitioner submit relevant, nonfrivolous information (such as petitioner's signed tax returns for 1992 and 1993, challenges to the appropriateness of collection actions, or proposals of collection alternatives); (3) scheduled a phone conference with petitioner for February 9, 2006; and (4) attached a copy of an IRS document entitled "The Truth About Frivolous Tax Arguments", which detailed several of the frivolous and groundless arguments that petitioner asserted in the materials he sent to respondent.

On January 25, 2006, and numerous other dates, petitioner sent to respondent additional materials containing frivolous and groundless arguments, questions, and statements (additional frivolous materials). Settlement Officer Feist responded to petitioner's additional frivolous materials and requested petitioner submit relevant, nonfrivolous information regarding the years in issue. Settlement Officer Feist: (1) Informed petitioner, again, that the arguments he advanced were frivolous, groundless, or arguments that Appeals Office employees may not consider; (2) advised petitioner to contact him by February 7, 2006, if petitioner wished to submit relevant, nonfrivolous information for Settlement Officer Feist's consideration or to

reschedule the phone conference; and (3) informed petitioner that if the Appeals Office did not receive any additional information from petitioner, Appeals would review petitioner's case based on the information in petitioner's file.

On February 9, 2006, Settlement Officer Feist called petitioner at the phone number petitioner had provided. No one answered Settlement Officer Feist's call. Settlement Officer Feist left a voice message stating (1) that he could not determine that the assessments or proposed collection actions were incorrect based on the information petitioner had provided, and (2) that respondent would issue a notice of determination in petitioner's case.

Respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (notice of determination) with respect to petitioner's income tax liabilities for 1992 and 1993. In the notice of determination, respondent determined that the proposed levy should be sustained and that petitioner "failed to file outstanding U.S. Individual Income Tax Returns, failed to make payments on the amounts assessed, and failed to submit a viable collection alternative".

Petitioner timely filed a petition for lien or levy action under section 6320(c) or 6330(d) regarding his 1992 and 1993 tax liabilities. In the petition, petitioner raised several

frivolous and groundless arguments that he previously had raised in his section 6330 hearing.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party. Craig v. Commissioner, 119 T.C. 252, 260 (2002); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The party opposing summary judgment must set forth specific facts that show a genuine question of material fact exists and may not rely merely on allegations or denials in the pleadings. Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

Section 6330 provides that no levy may be made on any property or right to property of a person unless the Secretary first notifies him or her in writing of the right to a hearing before the Appeals Office. The Appeals officer must verify at the hearing that the applicable laws and administrative procedures have been followed. Sec. 6330(c)(1). At the hearing,

a taxpayer may raise any relevant issues relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives.  Sec. 6330(c)(2)(A).  The person may challenge the existence or amount of the underlying tax, however, only if he or she did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).

Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Where the validity of the underlying tax is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Settlement Officer Feist could not determine whether petitioner received notices of deficiency for 1992 and 1993. Accordingly, Settlement Officer Feist allowed petitioner to challenge the validity of the underlying tax liability for 1992 and 1993 as part of the section 6330 hearing.  Petitioner, however, failed to raise a nonfrivolous challenge to his underlying tax liability.  Instead, petitioner chose to advance frivolous and groundless arguments.

Throughout his section 6330 hearing, the petition, and several pounds of spurious materials that petitioner filed in this case[2] petitioner advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts.  See Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986); Charczuk v. Commissioner, 771 F.2d 471 (10th Cir. 1985), affg. T.C. Memo. 1983-433; Michael v. Commissioner, T.C. Memo. 2003-26; Knelman v. Commissioner, T.C. Memo. 2000-268, affd. 33 Fed. Appx. 346 (9th Cir. 2002).  We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam).

Petitioner has failed to make a valid challenge of his underlying tax liabilities or to the appropriateness of respondent's intended collection action, offer alternative means

---

[2]  For example, among other things, petitioner filed "Sworn Suggestions of Intentional Policies and Practices of Jural Deceit Evidenced by Consistent and Repeated Use of Unverified Process in Response to Petitioner's Verified Challenge" and "Notice of Corrections to Sworn Motion to Vacate Order Dated May 31, 2006 For Failure to Prove the Indispensable Prerequisite Jurisdictional Fact Following Petitioner's Repeatedly Set Forth Undisputedly Relevant and Verifiable Challenge".

of collection, or offer any spousal defenses. These issues are now deemed conceded. Rule 331(b)(4).

Accordingly, we sustain respondent's determination to proceed with collection for 1992 and 1993.

II. Section 6673(a)

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceedings or instituted the proceedings primarily for delay. A position maintained by the taxpayer is "frivolous" if it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

Settlement Officer Feist repeatedly informed petitioner that petitioner's arguments were frivolous and groundless and provided petitioner "The Truth About Frivolous Tax Arguments", which explains the defects in several of petitioner's arguments. Settlement Officer Feist also prepared and sent petitioner several documents addressing petitioner's frivolous and groundless arguments with citations to the Constitution, the Internal Revenue Code, and cases from the Supreme Court of the United States, the U.S. Courts of Appeals, and the Court. At trial, the Court informed petitioner that the arguments he was

advancing had been universally rejected by the courts that have considered them.

Petitioner's positions, based on stale and meritless contentions, are manifestly frivolous and groundless.  This has caused the Court to waste limited resources.  Accordingly, we shall impose a penalty of $5,000 pursuant to section 6673.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.