T.C. Memo. 2019-1

UNITED STATES TAX COURT

ERIC BELANGER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5252-17L.                    Filed January 30, 2019.

Eric Belanger, pro se.

Stephanie J. Rakoski and Adam L. Flick, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Petitioner seeks review pursuant to sections 6320 and 6330 of respondent's determination to proceed with collection of petitioner's unpaid income tax liabilities for tax years 2003-08 and 2010-12 (years at issue). All section references are to the Internal Revenue Code (Code) in effect at all

**[\*2]** relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After a trial on the merits, the issues for decision are whether: (1) petitioner may challenge his underlying income tax liabilities for the years at issue, and if so, whether any adjustment is appropriate; and (2) respondent abused his discretion by sustaining the filing of a notice of Federal tax lien (NFTL).

FINDINGS OF FACT

No stipulation of facts was filed in this case. The exhibits admitted at trial are incorporated herein. Petitioner resided in Texas when he timely filed his petition.

Petitioner graduated from Northeastern University with degrees in political science and history. During the years at issue he worked as a truck driver for multiple companies. Petitioner averaged approximately $60,000 in gross wages per year during the years at issue.

Petitioner has never filed a Federal income tax return. Respondent prepared substitutes for returns for petitioner for tax years 2003-08 and 2010-12 pursuant to section 6020(b). On the basis of the substitutes for returns, respondent issued notices of deficiency in which he determined the following:

[*3]

|  |  | Additions to tax | | |
| Tax year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
|---|---|---|---|---|
| 2003 | $1,694 | $370.58 | $370.58 | $42.96 |
| 2004 | 2,631 | 591.98 | 434.12 | 76.37 |
| 2005 | 8,172 | 1,814.40 | 846.72 | 323.00 |
| 2006 | 6,303 | 1,418.18 | 409.70 | 298.29 |
| 2007 | 7,243 | 1,629.68 | 941.59 | 329.65 |
| 2008 | 633 | 142.43 | 63.30 | --- |
| 2010 | 3,055 | 687.38 | 305.50 | --- |
| 2011 | 6,181 | 1,390.73 | 710.82 | 122.37 |
| 2012 | 8,854 | 1,992.15 | 1,106.75 | 158.73 |

Respondent sent the notices of deficiency to petitioner at his last known address by certified mail. Petitioner received the notices of deficiency but did not petition the Tax Court. After the expiration of the 90-day periods for petitioning the Tax Court, respondent assessed tax and additions to tax.

On July 19, 2016, respondent filed an NFTL and sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, for the years at issue. On August 24, 2016, petitioner timely mailed a Form 12153, Request for a Collection Due Process (CDP) or Equivalent Hearing. On the Form 12153 petitioner indicated that he could not pay and would like the lien to be withdrawn. Petitioner did not request a collection alternative or raise any

[*4] other issues.  In addition petitioner attached a 10-page document containing rhetoric characteristic of tax protestor arguments.

On November 8, 2016, Settlement Officer (SO) Cheryl D. Wakefield sent petitioner a letter to schedule a telephone CDP hearing and requested that petitioner provide a completed Form 433-A, Collection Information Statement for Wage-Earners and Self-Employed Individuals.  After petitioner failed to respond, SO Wakefield sent a followup letter (a) rescheduling petitioner's telephone CDP hearing for December 8, 2016, (b) informing petitioner that the requested information had not been provided, and (c) asking him to provide any other information he wished to be considered at his hearing.  Petitioner did not participate in the rescheduled CDP hearing or respond to SO Wakefield's followup letter but instead sent SO Wakefield a 10-page "Affidavit of Revocation and Recission" consisting of tax protestor-type arguments that asserted his status as a "nontaxpayer."

SO Wakefield issued a notice of determination sustaining the NFTL on February 9, 2017.  Petitioner timely petitioned this Court for review of the determination.

On January 12, 2018, respondent moved to continue proceedings and to remand the case to the IRS Office of Appeals (Appeals) to clarify the

**[\*5]** administrative record as to the verifications performed by SO Wakefield and determine whether petitioner had a prior opportunity to challenge the underlying tax liabilities. Petitioner objected to respondent's motions and insisted on proceeding to trial. We denied respondent's motion for a continuance and took the motion to remand under advisement. At trial petitioner admitted to receiving the notices of deficiency.

OPINION

I.      Preliminary Matters

Pending before the Court is respondent's motion to strike attachments to petitioner's simultaneous opening brief. Respondent argues that petitioner's brief improperly includes attachments that were previously admitted into evidence, offered but not admitted into evidence, or not offered into evidence at trial.[1]

Statements in briefs do not constitute evidence. Rule 143(c); see also Hoang v. Commissioner, T.C. Memo. 2006-47, slip op. at 9 ("[D]ocuments attached to briefs and statements made therein do not constitute evidence and will not be considered by the Court."). A document that is attached to a posttrial brief

---

[1] Specifically, unnumbered pages 52-56, 58-68, 83-93, 96, and 98 of petitioner's brief were previously admitted into evidence; unnumbered page 71 of petitioner's brief was offered into evidence at trial but not admitted; and unnumbered pages 31, 38-51, 57, 69-70, 72-82, 94-95, and 97 of petitioner's brief were not offered into evidence at trial.

**[\*6]** but not admitted into evidence at trial is not part of the record, and the taxpayer may not rely on such a document. See MacGregor v. Commissioner, T.C. Memo. 2010-187, slip op. at 21.

We will therefore grant respondent's motion to strike and will not consider unnumbered pages 31 and 38-98 of petitioner's simultaneous opening brief.

II.    Statutory Framework

Section 6321 imposes a lien in favor of the United States on all property and property rights of a person who is liable for and fails to pay tax after demand for payment has been made. The lien arises when assessment is made and continues until the assessed liability is paid or becomes unenforceable. Sec. 6322. For the lien to be valid against certain third parties, the Secretary must file an NFTL. Sec. 6323(a). He must then provide written notice to the taxpayer who may then request a CDP hearing before Appeals. Sec. 6320(a) and (b)(1).

If the taxpayer requests a CDP hearing pursuant to section 6320, the hearing shall be held before an impartial officer or employee of Appeals. Sec. 6320(b)(1), (3). The hearing under section 6320 generally shall be conducted in a manner consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c). At the hearing the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection

[*7] action, and collection alternatives.  Sec. 6330(c)(2)(A).  In addition to considering issues raised by the taxpayer under section 6330(c)(2), the Appeals officer must verify that the requirements of any applicable law or administrative procedure have been met.  Sec. 6330(c)(1), (3).

A taxpayer is precluded from contesting the existence or amount of the underlying tax liability at a CDP hearing unless the taxpayer did not receive a notice of deficiency for the liability in question or did not otherwise have an earlier opportunity to dispute the liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a CDP hearing, Appeals must determine whether sustaining the NFTL is appropriate.  In making that determination Appeals is required to take into consideration:  (1) verification presented by the Secretary during the hearing process that the requirements of applicable law and administrative procedure have been met, (2) relevant issues raised by the taxpayer, and (3) whether the NFTL filing appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the collection action.  Sec. 6330(c)(3).

If the underlying liability is properly at issue, the Court reviews any determination regarding that liability de novo; the Court reviews all other

**[\*8]** administrative determinations for abuse of discretion. <u>Davis v. Commissioner</u>, 115 T.C. 35, 39 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).

III.    <u>Petitioner's Challenge to the Underlying Tax Liability</u>

Section 6330(c)(2)(B) provides that a taxpayer may challenge his underlying tax liability during a CDP hearing if he did not receive a statutory notice of deficiency or did not otherwise have a prior opportunity to dispute the underlying tax liability.  This Court considers a taxpayer's challenge to his underlying liability in a collection action case only if he properly raised that challenge at his administrative hearing.  <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 115 (2007).  An issue is not properly raised at the administrative hearing if the taxpayer fails to request consideration of that issue by the settlement officer or if he requests consideration but fails to present any evidence after being given a reasonable opportunity to do so.  <u>Id.</u> at 115-116; <u>Delgado v. Commissioner</u>, T.C. Memo. 2011-240.

Petitioner received notices of deficiency for the years at issue but failed to petition this Court.[2]  Moreover, he did not properly raise the issue in his CDP

_____

[2]  At trial petitioner testified that respondent's transcript of petitioner's address history listed an inaccurate mailing address for tax years 2003 through

(continued...)

**[\*9]** hearing and would thus be precluded from challenging his underlying liabilities in any event. See Thompson v. Commissioner, 140 T.C. 173, 178 (2013) ("A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing."); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. Thus, we review the SO's actions for abuse of discretion. See Goza v. Commissioner, 114 T.C. at 181-182.

## IV.    Abuse of Discretion

The taxpayer bears the burden of proving that the settlement officer exercised her discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999); see Rule 142(a).

---

[2](...continued)
2006. A Federal income tax deficiency generally may not be assessed unless the Commissioner first mails a statutory notice of deficiency to the taxpayer's last known address. See sec. 6213(a); Hoyle v. Commissioner, 131 T.C. 197, 200 (2008), supplemented by 136 T.C. 463 (2011). In deciding whether the Commissioner mailed a notice to a taxpayer at the taxpayer's last known address, the relevant inquiry "pertains to * * * [the Commissioner's] knowledge rather than to what may in fact be the taxpayer's most current address." Frieling v. Commissioner, 81 T.C. 42, 49 (1983). Petitioner has not established that respondent had knowledge of an address different than that listed on the notices of deficiency. Moreover, a notice of deficiency that is not mailed to a taxpayer's last known address may still be valid if the taxpayer received the notice with sufficient time to petition the Court with respect thereto. See id. at 51-53. Petitioner admitted to receiving the notices of deficiency and has not established that he lacked sufficient time to petition the Court.

[*10] Petitioner has not advanced any factual evidence that SO Wakefield abused her discretion in sustaining the NFTL filing. Petitioner's briefs and trial testimony did not identify any defects in SO Wakefield's verification process and consisted only of arguments deemed frivolous by this and other courts.[3] See Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), aff'g T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986); Charczuk v. Commissioner, 771 F.2d 471 (10th Cir. 1985), aff'g T.C. Memo. 1983-433; Michael v. Commissioner, T.C. Memo. 2003-26; Knelman v. Commissioner, T.C. Memo. 2000-268, aff'd, 33 F. App'x 346 (9th Cir. 2002). It is clear from our review of the record that SO Wakefield verified that the requirements of any applicable law and administrative procedure were followed, that petitioner's claim lacks merit, and that in sustaining the NFTL filing the Appeals officer properly balanced "the need for the efficient collection of taxes with the legitimate concern

---

[3] Arguments listed as frivolous in Notice 2010-33, 2010-17 I.R.B. 609, include the following positions: (1) that "[f]iling a Federal tax or information return or paying tax is purely voluntary under the law" and (2) that "a person is not required to file a tax return or pay a tax unless the Internal Revenue Service responds to the person's questions, correspondence, or a request to identify a provision in the Code requiring the filing of a return or the payment of tax." Petitioner advanced such arguments in his CDP proceedings and in pleadings filed with this Court. We will not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

**[*11]** of * * * [petitioner] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).[4]

We therefore hold that petitioner has not satisfied his burden of showing that SO Wakefield abused her discretion in sustaining the NFTL filing, and we will sustain respondent's determination to proceed with collection against petitioner.

## V. Sanctions

This Court now considers sua sponte whether to impose sanctions on petitioner under section 6673(a)(1). Section 6673(a)(1) authorizes the Court to impose a penalty of up to $25,000 for frivolous arguments or whenever it appears to the Court that proceedings before us "have been instituted or maintained by the taxpayer primarily for delay".

The positions petitioner maintains are unquestionably frivolous, and this Court would therefore be justified in sanctioning him. Because this is petitioner's first appearance before this Court, we decline to impose a section 6673 penalty;

---

4 Petitioner argued in his petition that his tax liabilities for 2003-06 were uncollectible because the collection period of limitations under sec. 6502 had expired. Because petitioner did not develop this argument at trial or on brief, we deem the issue abandoned. See Thiessen v. Commissioner, 146 T.C. 100, 106 (2016) ("[I]ssues and arguments not advanced on brief are considered to be abandoned.").

**[\*12]** however, we warn petitioner to refrain from advancing frivolous arguments in any future filings he may make in this Court, as they may subject him to future penalties.

In reaching our holdings, we have considered all remaining arguments the parties made, and to the extent not addressed, we conclude they are irrelevant, moot, or without merit.[5]

To reflect the foregoing,

<u>An appropriate order will be issued,</u>

<u>and decision will be entered for respondent</u>.

---

[5] Before trial, respondent filed a motion for remand to which petitioner objected. On brief respondent states that a remand is no longer necessary because petitioner confirmed receipt of the notices of deficiency and did not raise any issue with respect to SO Wakefield's verifications in his petition or opening brief. We agree and will deny respondent's motion to remand as moot.