T.C. Memo. 2006-134

UNITED STATES TAX COURT

DONALD P. ARNETT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18296-04.          Filed June 27, 2006.

Donald P. Arnett, pro se.

<u>David W. Sorensen</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
respondent's motion for summary judgment and to impose a penalty
under section 6673.[1]

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined a deficiency of $4,387 in petitioner's 2002 Federal income tax, a section 6654 addition to tax of $146.61, and a section 6651(a)(1) addition to tax of $1,096.75. The issues for decision are: (1) Whether petitioner is liable for the deficiency determined by respondent; (2) whether petitioner is liable for an addition to tax pursuant to section 6654; (3) whether petitioner is liable for an addition to tax for failure to file a Federal income tax return pursuant to section 6651(a)(1); and (4) whether petitioner is liable for a penalty for making frivolous arguments or instituting a proceeding primarily for delay pursuant to section 6673(a)(1).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed in this case, petitioner resided in New Harmony, Utah.

Respondent received information from third parties regarding various payments made to petitioner for the 2002 tax year. Petitioner does not dispute the receipt of these payments. Petitioner submitted a Form 1040, U.S. Individual Income Tax Return, for 2002 to respondent. Petitioner listed zero as the amount of his wages, total income, adjusted gross income, taxable income, and total tax. Petitioner attached a typewritten statement to the Form 1040 reciting contentions and arguments

that this Court has found to be frivolous and/or groundless. Petitioner did not pay any estimated income taxes for the 2002 tax year.

## Discussion

### I. Motion for Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Summary judgment may be granted if it is demonstrated that no genuine issue exists as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). As the party that moved for summary judgment, respondent has the burden of showing there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Nis Family Trust v. Commissioner, 115 T.C. 523, 536, 537-538 (2000).

We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

### II. The Deficiency

Section 61 defines gross income as all income from whatever source derived. Gross income includes, among other things, compensation for services, interest, and pensions. Sec. 61(a).

Petitioner stipulated that he received the income listed on the notice of deficiency.[2]  Petitioner contends, inter alia, that the earnings he received are not income, and therefore he is not liable for taxes.  Petitioner also argues that the statutory notice of deficiency he received is invalid because it was not signed by the Secretary of the Treasury or an agent designated by the Secretary.  Petitioner advanced these and other arguments in filings and at the hearing.  These arguments are characteristic of tax-protester rhetoric that has been universally rejected by this and other courts.  Casper v. Commissioner, 805 F.2d 902 (10th Cir. 1986), affg. T.C. Memo. 1985-154; Charczuk v. Commissioner, 771 F.2d 471 (10th Cir. 1985), affg. T.C. Memo. 1983-433; Michael v. Commissioner, T.C. Memo. 2003-26; Knelman v. Commissioner, T.C. Memo. 2000-268, affd. without published opinion 33 Fed. Appx. 346 (9th Cir. 2002).  We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Accordingly, we conclude that petitioner is liable for the deficiency determined by respondent.

---

[2]  Petitioner received payments totaling $35,873 from various sources including wages, unemployment compensation, income from self-employment, and IRA distributions.

III.  Additions to Tax

   A.  Section 6654

   Respondent determined that petitioner was liable for an addition to tax for his failure to pay estimated Federal income tax under section 6654(a).  This addition to tax is mandatory in the absence of a statutory exception.  See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).  It is undisputed that no statutory exception applies in this case.  Accordingly, we sustain respondent's determination.

   B.  Section 6651(a)(1)

   Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1).  Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless such failure is due to reasonable cause and not due to willful neglect.

   Petitioner challenges respondent's determination because he filed a Form 1040 for 2002.  That tax return, however, contained zeros for every line.  It has been held that a return that contains only zeros is not a valid return for the purpose of section 6651(a)(1).  United States v. Rickman, 638 F.2d 182, 184 (10th Cir. 1980); Cabirac v. Commissioner, 120 T.C. 163, 169 (2003).

In order to determine whether a tax return is valid, we follow the test enunciated in <u>Beard v. Commissioner</u>, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986):

> First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury.

The requirement that petitioner has made "an honest and reasonable attempt" to satisfy the tax law is not met in the current case. Petitioner's attachment to the Form 1040 contained tax-protester arguments that have been consistently rejected by this and other courts. Additionally, the Form 1040 filed by petitioner did not contain sufficient information to constitute a valid return. Despite petitioner's admission of the receipt of various payments from third parties, he filed a zero tax return.

The section 6651(a)(1) addition to tax applies in the case of a failure to file a Federal income tax return unless it is shown that such failure is due to reasonable cause and not to willful neglect. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 447 (2001). It must be shown that the taxpayer exercised business care and prudence but nevertheless was unable to file the return within the specified time. See <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a conscious, intentional failure, or reckless indifference. <u>United States v. Boyle</u>, <u>supra</u> at 245.

Petitioner did not act in good faith.  Petitioner relied on frivolous tax-protester arguments in deciding not to file an adequate return.  Petitioner's reliance on these materials does not constitute reasonable cause for failing to file a return. See <u>Coulton v. Commissioner</u>, T.C. Memo. 2005-199.  Accordingly, we sustain respondent's determination.

IV.  <u>Penalty</u>

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceeding or instituted the proceedings primarily for delay.  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned colorable argument for change in the law."  <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986).  The U.S. Court of Appeals for the Tenth Circuit, the court which is the likely venue for appeal of this case, has upheld sanctions against taxpayers making arguments similar to petitioner's.  See <u>Casper v. Commissioner</u>, <u>supra</u> at 905; <u>Charczuk v. Commissioner</u>, <u>supra</u> at 475.

Petitioner's protester rhetoric is manifestly frivolous and groundless.  He has caused this Court to waste limited resources by his persistence in advancing views of the tax law which are known to be completely without merit.  Petitioner was duly warned

that his arguments are frivolous and groundless, and of the potential consequences of his actions.  Accordingly, pursuant to section 6673(a), we hold petitioner is liable for a $1,000 penalty.

To reflect the foregoing,

<u>An appropriate order</u>

<u>and decision will be entered</u>.