**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DONALD P. ARNETT,

      Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent-Appellee.

No. 06-9005
(T.C. No. 18296-04)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

---

Donald P. Arnett appeals the tax court's decision regarding his 2002

income tax liability. He argues: (1) the tax court judge was biased against him;

(2) the court denied him discovery; (3) the court improperly refused to admit his

evidence; (4) the court erred in its merits decision; (5) the court erred in refusing

to sanction counsel for the government; and (6) the court failed to address his

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claim that the agency denied him an administrative appeal hearing. We have jurisdiction under IRC § 7482(a)(1), which authorizes us to review the tax court's decisions "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury."[1] None of Mr. Arnett's arguments establish a basis for reversing the tax court's decision.

Mr. Arnett offers no facts or evidence that call into question the impartiality of the tax court judge. The fact the judge ruled against him on more than one issue is insufficient to demonstrate bias or prejudice. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

The tax court's discovery, evidentiary, and sanctions determinations are all reviewed for abuse of discretion. *Wayte v. United States*, 470 U.S. 598, 624 (1985) (discovery rulings); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997) (evidentiary rulings); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (sanctions). "Under this standard, we will not disturb a trial court's decision absent a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Kidd v. Taos Ski Valley, Inc.*, 88 F.3d 848, 853 (10th Cir. 1996) (citations and

---

[1] A party appealing a tax court decision must file a notice of appeal within ninety days of the entry of the decision. 26 U.S.C. § 7483. Mr. Arnett's notice of appeal was postmarked September 25, 2006, the ninetieth day after entry of the decision in this case, but it not filed in the tax court until October 2, 2006. Under the date-of-mailing provisions of 26 U.S.C. § 7502(a), however, the notice of appeal was timely. *See Umbach v. CIR*, 357 F.3d 1108, 1111 (10th Cir. 2003).

quotations omitted). None of the decisions of which Mr. Arnett complains shows a clear error of judgment or conduct outside the bounds of permissible choice.

Mr. Arnett's arguments about the tax court's decision on the merits of his case are not persuasive, and we affirm that decision substantially for the reasons expressed in the tax court's June 27, 2006, opinion. Finally, while the tax court apparently did not address Mr. Arnett's late-raised argument that he was denied an administrative appeal, the record indicates that Mr. Arnett did not request an appeal within thirty days of the Internal Revenue Service's preliminary letter to him. T.C. Ex. 5-P (Mr. Arnett's May 10, 2004, letter responding to March 18, 2004, IRS letter). Thus, his request was untimely and the Service proceeded in accordance with regulation. *See* 26 C.F.R. § 601.105(d)(1) ("If the taxpayer does not respond to the letter within 30 days, a statutory notice of deficiency will be issued . . . .").

Mr. Arnett's reply-brief request to submit a supplemental brief is DENIED. The judgment of the tax court is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge

-3-