T.C. Memo. 2009-271

UNITED STATES TAX COURT

RONALD L. HAMILTON, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26158-08.                Filed November 25, 2009.

Ronald L. Hamilton, pro se.

Louis H. Hill, for respondent.

MEMORANDUM OPINION

HALPERN, Judge:  By notice of deficiency (the notice), respondent determined a deficiency in petitioner's 2006 Federal income tax of $11,901 and additions to tax of $2,599, $809,[1] and $545 under sections 6651(a)(1) and (2) and 6654(a),

---

[1]Computed through the date of the notice.

respectively.[2]  Petitioner has conceded certain adjustments giving rise to respondent's determination of deficiency, and the items remaining for decision are the additions to tax and five adjustments that respondent made increasing petitioner's 2006 gross income.[3]

The parties failed to stipulate any facts.  The evidence on which we rely consists of the transcript of trial, 1 joint exhibit (the notice), and 11 exhibits received from petitioner at trial.  Petitioner attached to his posttrial memorandum of law (petitioner's memorandum) four items that we assume he wishes us to consider as evidence, but which we shall not, since unsupported statements in a brief and exhibits that have not been properly admitted into evidence at trial do not constitute competent evidence.  Rule 143(b); e.g., Edwards v. Commissioner, T.C. Memo. 2005-52.

Petitioner bears the burden of proof.  See Rule 142(a).  Petitioner has not raised the issue of section 7491(a), which shifts the burden of proof to the Commissioner in certain situations.  We conclude that section 7491(a) does not apply here

---

[2]Unless otherwise stated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for 2006, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all dollar amounts to the nearest dollar.

[3]There are also certain computational adjustments that follow from the adjustments described in the text, but they are not in controversy and we need not discuss them.

because petitioner has not produced any evidence that he has satisfied the preconditions for its application.

At the time the petition was filed, petitioner resided in Ohio.

## Background

Petitioner testified that he submitted to the Internal Revenue Service (IRS) three returns for 2006 (apparently an original return and two amended returns). Respondent's counsel stated at trial (and petitioner does not disagree) that (1) the IRS initially accepted petitioner's originally filed 2006 return but later determined that it was not a tax return (and rejected it) since it contained all zeros, and (2) the IRS then made a return for petitioner, see sec. 6020(b), under its so-called substitute for return procedures. Petitioner would not stipulate the original return, and the only return in evidence is a Form 1040X, Amended U.S. Individual Income Tax Return, for 2006, dated February 4, 2008, with zeros entered for all amounts except that positive amounts are shown for Federal income tax withheld. Petitioner has failed to show that respondent accepted that return.

The five adjustments remaining at issue are all positive adjustments to petitioner's 2006 gross income resulting from third-party reports to the IRS of amounts paid to petitioner. Those reports and the resulting adjustments are as follows:

1. A Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit Sharing Plans, IRAs, Insurance Contracts, etc., received from Charles Schwab & Co., Inc., reporting $26,064 distributed to petitioner;

2. a Form 1099-R, received from State Street Retiree Services (State Street), reporting $17,796 distributed to petitioner;

3. Forms 1099-B, Proceeds From Broker and Barter Exchange Transactions, received from Charles Schwab & Co., Inc., reporting total proceeds of $1,410 from sales or exchanges of stocks and bonds;

4. a Form W-2, Wage and Tax Statement, received from Reed Elsevier, Inc., reporting wages, tips, and other compensation of $9,855 paid to petitioner;

5. a Form W-2 received from First Union Third reporting wages, tips, and other compensation of $14,664 paid to petitioner.[4]

At trial, petitioner conceded that he had received the five amounts reported to the IRS (although the $17,796 reported by State Street represented not the receipt of any payment in 2006 but, rather, the discharge of indebtedness with respect to amounts previously received as loans). He claimed that all the

---

[4]Petitioner claims that the correct payee here is "First Unum Provident"; he does not, however, challenge that he received the amount.

receipts (other than the $17,796 received from State Street) were either nontaxable disability pensions or received because of his disability. He claimed that the $17,796 received from State Street constituted a nonvoluntary withdrawal from his retirement account to pay a loan from that account.

At the conclusion of the trial, the Court ordered respondent to file a memorandum of law in lieu of a brief, see Rule 151, and invited petitioner to respond if he wished. Petitioner did respond with petitioner's memorandum. In that memorandum, under the heading "Facts", petitioner disavows the claim that any amount he received was a disability pension but avows, instead, that those amounts were "Workman's Compensation". Under the heading "Legal Discussion and Analysis", petitioner mixes his claim that he received workman's compensation with typical tax-protester rhetoric. For instance, petitioner makes the following claims:

> It is blatantly clear that Congress, based on the language contained therein, never intended for 26 USC, specifically TITLE 26 – Subtitle A – Income Taxes, to apply to anyone or anything other than Federal Employees and Federal Employers as a result of being an associative Privilege. * * *

> * * * * * * *

> Congress also never intended to tax Private Citizens which would certainly exceed the boundaries set forth in the Constitution. Instead it seeks to tax revenue proceeding from the voluntary, <u>profitable</u> exercise of the government's own property or powers (whether directly or by proxy through investment) is

[sic] an indirect tax having nothing to do with the
taxpayer's rights. * * *

* * * * * * *

[T]his petitioner has firmly discovered how 26 USC, and
specifically TITLE 26 – Subtitle A – Income Taxes, does
not apply to anyone or anything other than Federal
Employees and Federal employers or the such utilizing
government facilities for gain and/or profit.

Discussion

I. Deficiency in Tax

Section 61(a) provides in part: "Except as otherwise
provided in this subtitle, gross income means all income from
whatever source derived". It further provides an enumeration of
items of gross income, including compensation for services, gains
derived from dealings in property, annuities, income from life
insurance and endowment contracts, pensions, and income from
discharge of indebtedness in paragraphs (1), (3), (9), (10),
(11), and (12), respectively. Those categories would seem to
encompass the five adjustments that petitioner disputes.
Petitioner's argument--that because he is not a Federal employee
he does not have to pay income tax--is a common, frivolous, tax-
protester argument of no merit. E.g., Deputy v. Commissioner,
T.C. Memo. 2003-210.

Section 104(a)(1) does exclude from gross income "amounts
received under workmen's compensation acts as compensation for
personal injuries or sickness", but petitioner has failed to

prove that any of the five disputed adjustments involves receipts that so qualify.

In his memorandum, petitioner also argues that, if the Internal Revenue Code applies to him, at least some of the receipts in question are excludable from his gross income under section 105. Section 105(a) provides that amounts received under employer-funded plans for personal injuries or sickness must be included in the employee's gross income, unless they fall within the exceptions provided in section 105(b) or (c), which exclude from gross income reimbursement of medical expenses and compensation for permanent bodily injury, respectively. Petitioner received a Wage and Income Transcript from the IRS that shows "Disability" as the "Distribution Code" in connection with the Form 1099-R petitioner received from Charles Schwab & Co., Inc., that reports a distribution to him of $26,064. Nonetheless, petitioner failed to show that he meets the particular requirements of section 105(c); i.e, that the payment (1) "constitute[s] payment for the permanent loss or loss of use of a member or function of * * * [his] body, or * * * [his] permanent disfigurement" and (2) is "computed with reference to the nature of the injury without regard to the period" of his absence from work. Indeed, petitioner has failed to prove that any of five disputed adjustments involves receipts qualifying for exclusion from income under either section 105(b) or (c), and he

has also failed to prove that the receipts would be excludable because of disability under any other provision of the Internal Revenue Code.

Petitioner has failed to show that any other provision of the Internal Revenue Code would exclude from his gross income any of the receipts in question. We, therefore, sustain the five adjustments remaining at issue.

II. Additions to Tax

A. Introduction

At trial, in response to the Court's inquiry as to his defense to the additions to tax, petitioner stated that as his defense he relied on the fact that he did not have the income in question. In his memorandum, however, petitioner does otherwise discuss at least some of the additions to tax. We shall proceed in disregard of petitioner's response to the Court's inquiry at trial and treat all the additions to tax as being in issue.

B. Burden of Production

In pertinent part, section 7491(c) provides: "the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any * * * addition to tax". The Commissioner's burden of production under section 7491(c) is to produce evidence that imposing the relevant addition to tax is appropriate. Swain v. Commissioner, 118 T.C. 358, 363 (2002). The taxpayer bears the burden of introducing

evidence regarding reasonable cause or a similar defense. Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

C. Section 6651(a)(1)

Section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to file a timely return (determined with regard to any extension of time for filing) unless the taxpayer shows that such failure is due to reasonable cause and not due to willful neglect. The amount of the addition is equal to 5 percent of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25 percent for returns more than 4 months delinquent. Id.

Petitioner submitted a return for 2006, which, according to respondent's counsel, respondent first accepted but then rejected because it contained all zeros and respondent did not consider it a return. Petitioner does not disagree with that claim, and we shall assume it to be true; we find accordingly.

A taxpayer who has received more than a certain amount of income during the taxable year is required to file an income tax return for that taxable year. See secs. 6011 and 6012. To determine whether a taxpayer has filed a valid tax return, we follow the test set forth in Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986). For a return to be valid under Beard: "First, there must be sufficient data to

calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury." We have applied the Beard test to determine whether a return is valid for purposes of section 6651(a)(1). See, e.g., Cabirac v. Commissioner, 120 T.C. 163, 169 n.10 (2003); Beard v. Commissioner, supra at 780; Arnett v. Commissioner, T.C. Memo. 2006-134, affd. 242 Fed. Appx. 496 (10th Cir. 2007). We have consistently held that a tax return containing only zeros on the relevant lines is not a valid tax return because it does not contain sufficient information for the Commissioner to calculate and assess a tax liability. See Cabirac v. Commissioner, supra at 169; Arnett v. Commissioner, supra; see also United States v. Rickman, 638 F.2d 182, 184 (10th Cir. 1980); United States v. Porth, 426 F.2d 519, 523 (10th Cir. 1970).[5] Petitioner did not, therefore, file a valid return for 2006.

---

[5]The Court of Appeals for the Ninth Circuit has held that a tax return containing only zeros is a valid tax return. United States v. Long, 618 F.2d 74, 75-76 (9th Cir. 1980). Barring stipulation to the contrary, appeal of this case lies to the Court of Appeals for the Sixth Circuit, see sec. 7482(a), (b)(1) and (2), which has not taken a position on the issue in this case but has sustained a penalty against a taxpayer under sec. 6702 ("Frivolous Tax Submissions.") for filing an amended return stating that his income was zero, Herip v. United States, 106 Fed. Appx. 995, 999-1000 (6th Cir. 2004).

We find that respondent has carried his burden of production under section 7491(c), and, as a result, to avoid an addition to tax, petitioner must come forward with evidence sufficient to persuade the Court that his failure to file was due to reasonable cause and not due to willful neglect. Petitioner does not argue (nor do we find) that his failure to file a valid return was due to reasonable cause and not due to willful neglect. Consequently, we hold that petitioner is liable for the addition to tax under section 6651(a)(1).

D. Section 6651(a)(2)

Section 6651(a)(2) imposes an addition to tax when a taxpayer fails to pay the amount of tax shown on a return by the prescribed date unless the taxpayer shows that such failure is due to reasonable cause and not due to willful neglect. The amount of the addition is equal to 0.5 percent of the tax for each month or fraction thereof during which the tax remains unpaid, up to a maximum addition of 25 percent. Under section 6020(b), when a taxpayer fails to make any return required by law, the IRS (acting for the Secretary) must make a return from such information as it can obtain. Under section 6651(g)(2), any return so made is treated as the taxpayer's return for purposes of section 6651(a)(2).

Respondent's counsel stated that, after rejecting petitioner's return, respondent made a return for petitioner

under section 6020(b).  The record, however, contains no copy of that return, so we cannot determine whether it meets the requirements for a section 6020(b) return.  See Cabirac v. Commissioner, 120 T.C. at 170-173.  Respondent has failed to carry his burden of producing evidence that an addition to tax under section 6651(a)(2) is appropriate, see id. at 173, and we sustain no such addition.

   E.  Section 6654

   Section 6654(a) and (b) provides for an addition to tax in the event of a taxpayer's underpayment of a required installment of estimated tax.  As relevant to this case, each required installment of estimated tax is equal to 25 percent of the "required annual payment", which in turn is equal to the lesser of (1) 90 percent of the tax shown on the taxpayer's return for that year (or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the taxpayer filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return.  Sec. 6654(d)(1)(A) and (B).

   Attached to the notice is respondent's "EXPLANATION OF THE ESTIMATED TAX PENALTY".  Among other things, it shows that (A) petitioner's 2006 tax liability is $11,901, (B) 90 percent of that amount is $10,710, and (C) petitioner's prior year (2005) tax liability is zero.  It then determines that the smaller of (B) and (C) "(as adjusted)" is $10,710.  No explanation is given

of any adjustment that would account for that conclusion. We can only conclude that respondent made an adjustment because petitioner failed to file a return for 2005. Respondent has, however, offered no evidence of that failure, and we shall, therefore, for purposes of determining whether respondent has satisfied his burden of production, assume that the fact has not been proved. Given that assumption, we assume that petitioner's 2005 tax liability was zero and, therefore, that he had no obligation to make any estimated tax payments for 2006. See sec. 6654(d)(1)(B); Davenport v. Commissioner, T.C. Memo. 2009-248. Respondent has failed to carry his burden of producing evidence that an addition to tax under section 6654 is appropriate, and we shall sustain no such addition.

III. Section 6673 Penalty

Under section 6673(a)(1)(A) and (B), this Court may require a taxpayer to pay a penalty not in excess of $25,000 if (1) the taxpayer has instituted or maintained a proceeding primarily for delay or (2) the taxpayer's position is "frivolous or groundless". We may, on our own initiative, require a taxpayer to pay a section 6673(a)(1) penalty. E.g., Minovich v. Commissioner, T.C. Memo. 1994-89. As stated supra, petitioner's argument that, because he is not a Federal employee he does not

have to pay income tax is a common, frivolous,[6] tax-protester argument.  Petitioner failed to report substantial income for 2006 and deserves a penalty for burdening respondent and this court with frivolous arguments.  We shall, therefore, require petitioner to pay a penalty under section 6673(a)(1) of $2,000.

<u>An appropriate decision</u>

<u>will be entered</u>.

---

[6]A taxpayer's position is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law.  E.g., <u>Nis Family Trust v. Commissioner</u>, 115 T.C. 523, 544 (2000).