**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 20, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PAUL DOUGLAS MOREDOCK and
CANDACE LOUISE MOREDOCK,

      Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent - Appellee.

No. 11-9015

(United States Tax Court)

(Tax Court No. 10704-09)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs and appellants, Paul Douglas Moredock and Candace Louise Moredock, appeal an adverse determination by the Tax Court, upholding the decision by the Commissioner of Internal Revenue ("Commissioner") that the Moredocks were liable for income tax deficiencies and a penalty. For the following reasons, we affirm.

## BACKGROUND

We begin by noting that this is not the first time the Moredocks have been involved in litigation. Mr. Moredock was formerly an Asylum Officer with the Immigration and Naturalization Service ("INS"). His employment there was contentious, and he ultimately left the INS, settling an adverse employment action claim against the INS by means of a written settlement agreement. Mr. Moredock subsequently believed the INS settlement was not properly funded (he challenged the tax treatment of the settlement proceeds), so he filed a petition with the Merit Systems Protection Board seeking enforcement of the settlement agreement in the way he believed was appropriate. The Board ruled against Mr. Moredock, who then appealed to the Federal Circuit. It also rejected his claims, finding them all to be "without merit." Moredock v. DOJ, 2003 WL 26098542 (Fed. Cir. Jan. 10, 2003).

The Moredocks have also been involved in three prior tax litigations. The Moredocks filed a petition relating to a deficiency the Commissioner had

determined for the tax year 2000. That case was ultimately settled. There was also a petition relating to the tax year 2006, which was dismissed for lack of jurisdiction. Finally, there was a petition relating to the tax year 1989, with Tax Court case number 6556-89, which appears unrelated to the instant case.[1]

With respect to the instant case, the Moredocks filed Form 1040 federal income tax returns for the years 2006 and 2007, in which they claimed various amounts of income or loss, including fuel tax credits of $142 in 2006 and $171 in 2007, and "other credits" of $10,789 in 2006. They did not cite any credit recognized by the Internal Revenue Code ("IRC") as the basis for the "other credits" claimed. Rather, they claimed they could credit "refunds withheld" for the years 2001, 2004 and 2005 (and amounts of OASDI (Social Security) and Medicare taxes attributable to the year 2000), against their tax liability for 2006.

After an audit, the Commissioner determined that the Moredocks owed income tax deficiencies of $10,279 for 2006 and $22,218 for 2007, as well as a failure-to-timely-file penalty of $5,551 for 2007.[2] The Moredocks appealed that determination to the Tax Court, which agreed with the Commissioner's assessments, stating, in part, as follows:

---

[1]Neither the briefs nor the record provide much specific information about these earlier tax cases.

[2]The Moredocks did not file their 2007 return until September 8, 2008, several months after the April 15, 2008 deadline.

During the trial, the Court struggled to follow the logic of petitioners' argument. The Court believed that petitioners would address the adjustments determined in the notices of deficiency. As to those matters, however, petitioners had nothing to say. They focused their efforts on their position that the INS had over-withheld or continues to over-withhold employment taxes on payments under the life annuity . . . and on the culpability of the IRS in permitting that over-withholding to take place. It is now apparent that that is what they conceive this proceeding to be about. It was the focus of their petition . . . . It was the focus of their pretrial memorandum. . . . Finally, it was the focus of argument at trial. However, <u>that matter does not bear any connection to any of the adjustments determined in the notices of deficiency</u>.

At trial petitioners did not specifically address any of the adjustments determined by respondent in the notices of deficiency for 2006 and 2007, including respondent's determination that petitioners are liable for the failure-to-file penalty for taxable year 2007. Based upon the record of this case, the adjustments determined by respondent in the notices of deficiency must be sustained.

Decision at 20-21, R. Vol. I (emphasis added). This appeal from the Tax Court's decision followed.

**DISCUSSION**

We review the decision of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a)(1). Accordingly, we review factual questions for clear error and legal questions de novo. Cox v. Comm'r, 514 F.3d 1119, 1123 (10th Cir. 2008); Olpin v. Comm'r, 270 F.3d 1297, 1298 (10th Cir. 2001); Schelble v. Comm'r, 130 F.3d 1388, 1391 (10th Cir. 1997). The Tax Court's

evidentiary and sanctions determinations are reviewed for abuse of discretion.

Arnett v. Comm'r, 242 Fed. Appx. 496, 497 (10th Cir. 2007). As a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. See INDOPCO v. Comm'r, 503 U.S. 79, 84 (1992).

Furthermore, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving the entitlement to any deduction claimed. Id. (citing Interstate Transit Lines v. Comm'r, 319 U.S. 590, 593 (1943)). Additionally, the Tax Court is not bound to accept as true the unverified and undocumented testimony of a taxpayer. Hradesky v. Comm'r, 65 T.C. 87, 90 (1975), aff'd, 540 F.2d 821 (5th Cir. 1976). And, as the Tax Court here observed, a taxpayer's failure to introduce documentary evidence which is within his possession or control and which he implies would be favorable to him, gives rise to the presumption that, if it was produced, it would be unfavorable to the taxpayer. Recklitis v. Comm'r, 91 T.C. 874, 890 (1988).

The Tax Court did not find any part of its brief decision to be difficult or doubtful. It applied the general principles, as stated above, to the Moredocks' case, and found that the Moredocks' claims were either unfounded or based on principles of law not recognized by our legal system. After carefully reviewing the Moredocks' brief and the record, we agree with the Tax Court that they have presented no persuasive argument for reversing the Tax Court's decision, or the

arguments they have presented on appeal have been waived because they failed to argue them below. We accordingly affirm the Tax Court's decision, for substantially the reasons stated in that decision.

## CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the Tax Court.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge