# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fif h Circuit

**FILED**

April 4, 2017

Lyle W. Cayce
Clerk

No. 16-60620

BRENT EDWARD CRUMMEY; CHERYL BATTISTA CRUMMEY,

> Petitioners – Appellants

v.

COMMISSIONER OF INTERNAL REVENUE,

> Respondent – Appellee

Appeal from the Decision of the
United States Tax Court
TC No. 15199-14

Before SMITH, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Brent Crummey ("Crummey") and Cheryl Battista Crummey ("Mrs. Crummey," collectively, the "Crummeys")[1] appeal a final decision of the United States Tax Court upholding penalties assessed under 26 U.S.C. § 6651(f) and (a)(2), including the court's denial of the Crummeys' motion for recusal. For the reasons discussed below, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The tax court ruling included Mrs. Crummey only as to certain section 6651(a) penalties.

No. 16-60620

## I.     Factual and Procedural Background

For years, Crummey has demonstrated a different view of the workings of the Internal Revenue Service and Social Security Administration. Crummey believes that the Social Security Administration created a trust in his name when it assigned him a Social Security Number and that the trust is a legal entity in its own right. *See Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 49 (D.D.C. 2011), *aff'd*, No. 11-5231, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012). This tortured understanding of the law manifested itself in the improper tax filings at issue here.

Prior to 2005, Crummey filed his taxes using Form 1040, U.S. Individual Income Tax Return, which is the appropriate form to use when filing personal taxes. However, in 2005 and 2006 Crummey used Form 1041, U.S. Tax Return for Estates and Trusts in the name of the "Brent E. Crummey Trust," a fictitious trust created by Crummey in accordance with his aforementioned beliefs. Crummey's Form 1041s claimed his personal income as "other income." Crummey's Form 1041s also claimed that despite his income, he owed nothing in taxes. In 2008, after an interview in which IRS agents explained that Form 1041 was not appropriate for Crummey's taxes, Crummey filed a homemade return for the Brent E. Crummey Trust. In each of these returns, Crummey reported his wages as trust income, but claimed "fiduciary fees" and "income distributions" that left the trust with a tax liability of zero. Furthermore, Crummey never claimed any personal income relating to these fiduciary fees or income distributions. Therefore, he again asserted that, despite his income, he owed no taxes. In fact, in each of the years in dispute, Crummey requested a tax refund for the total amounts withheld by his employer. He received a refund for the full amount withheld in 2005 on May 30, 2006, and for the full amount withheld from 2006 on March 13, 2007. In 2008, the IRS did not

No. 16-60620

provide Crummey with his requested refund. Mrs. Crummey failed to file any document purporting to be a tax return for any of these tax years.

Crummey was indicted for and convicted of making false claims on tax refunds under 18 U.S.C. § 287 in 2010. Following his conviction, the Crummeys submitted "amended" joint tax returns for the years of 2005, 2006, and 2008 in December 2012. The Crummeys also submitted a letter reiterating Crummey's unorthodox beliefs and stating that the returns were submitted "[o]ut of fear of continued prosecution . . . by IRS using false evidence."

Based upon these returns, the IRS determined that Crummey was liable for penalties under 26 U.S.C. § 6651(a)(1), (f) and (a)(2), with Mrs. Crummey excluded from liability under section 6651(f).[2] The Crummeys petitioned the tax court for a redetermination of the penalties for both failure to timely file and fraudulent failure to file. After a bench trial, the tax court held for the IRS, upholding the penalties. The Crummeys then moved for reconsideration, and Crummey moved for the tax court to vacate its decision. For reasons not relevant to this appeal, the tax court granted in part and denied in part the motion to vacate. However, the tax court's amended order continued to assess penalties against the Crummeys under the same sections.[3] Undeterred, the Crummeys then filed a motion to reconsider the amended order, a motion to vacate the original order, and a motion to recuse the tax court judge. The tax court denied each of these motions. The Crummeys appeal the court's finding of liability for the penalties and the denial of their motion for recusal.

---

[2] As is discussed below, section 6651(f) increases the penalties assessed under section 6651(a)(1).

[3] The amended order lowered the assessed penalty under section 6651(f) and assessed a penalty under section 6651(a)(2) for tax year 2006, while removing 6651(a)(2) penalties for tax years 2005 and 2008.

No. 16-60620

## II. Jurisdiction and Standard of Review

The tax court had jurisdiction under 26 U.S.C. §§ 6213(a) and 7442.[4] This court has jurisdiction under 26 U.S.C. § 7482(a)(1).

In reviewing decisions of the tax court, we apply the same standard of review otherwise applied to district court decisions. *Arevalo v. Comm'r*, 469 F.3d 436, 438 (5th Cir. 2006) (citing *Park v. Comm'r*, 25 F.3d 1289, 1291 (5th Cir. 1994)). Findings of fact are reviewed for clear error and issues of law are reviewed de novo. *Id.* Clear error exists when this court is "left with the definite and firm conviction that a mistake has been made." *Chemtech Royalty Assocs., L.P. v. United States*, 766 F.3d 453, 460 (5th Cir. 2014) (quoting *Streber v. Comm'r*, 138 F.3d 216, 219 (5th Cir. 1998)).[5]

This court reviews denials of motions to recuse for an abuse of discretion. *Garcia v. City of Laredo*, 702 F.3d 788, 793–94 (5th Cir. 2012) (citing *Trevino v. Johnson,* 168 F.3d 173, 178 (5th Cir. 1999)). "A 'judge abuses his discretion in denying recusal where a reasonable man, cognizant of the relevant circumstances surrounding [the] judge's failure to recuse, would harbor legitimate doubts about that judge's impartiality.'" *Id.* at 794 (quoting *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003)).

---

[4] Although the tax court received the Crummeys' notice of appeal ninety-six days after the filing of the notice of deficiency, we treat the filing as timely based on the postmark date which demonstrates that the notice was mailed within the ninety-day appeal period. 26 U.S.C. § 7502; *see Rotenberry v. Comm'r*, 847 F.2d 229, 230 (5th Cir. 1988).

[5] In a jury trial, a party must make and renew motions for judgment as a matter of law in order to preserve sufficiency of the evidence for appellate review. *See, e.g.*, *Bosarge v. Cheramie Marine, L.L.C.*, No. 16-30187, 2017 WL 105891, at *1 (5th Cir. Jan. 10, 2017); *Colonial Penn Ins. v. Mkt. Planners Ins. Agency Inc.*, 157 F.3d 1032, 1036 n.3 (5th Cir. 1998). However, "nothing indicates that a similar rule applies to an appeal of the sufficiency of evidence . . . following a bench trial." *Colonial Penn*, 157 F.3d at 1036 n.3; *see also* FED. R. CIV. P. 52(a)(5).

4

No. 16-60620

### III. Discussion

The Crummeys' briefing raises a myriad of issues.  These arguments fall into two categories: (1) whether the penalties were correctly imposed, including whether there was sufficient evidence to support the Commissioner's increased penalty based on the tax court's finding of fraud, and (2) whether the tax court judge abused her discretion in denying the Crummeys' motion for recusal.

### A.    Penalties

The Crummeys challenge the tax court's assessment of penalties under 26 U.S.C. §§ 6651(a)(1), (f), and (a)(2).

### 1.    Penalties Under 26 U.S.C. §§ 6651(a)(1) & 6651(f)

The Crummeys first challenge the tax court's determination that they failed to file valid returns, justifying a penalty under section 6651(a)(1). Second, even if they failed to file valid returns, the Crummeys challenge the sufficiency of the evidence demonstrating that Crummey fraudulently filed those returns, justifying an increased penalty under section 6651(f).

In order for a filing to qualify as a tax return, the document must (1) purport to be a return, (2) be executed under penalty of perjury, (3) contain sufficient data to allow calculation of tax, and (4) represent an honest and reasonable attempt to satisfy the requirements of law.  *See United States v. Davis*, 603 F.3d 303, 307 (5th Cir. 2010) (citing *Green v. Comm'r*, 322 F. App'x 412, 415 (5th Cir. 2009)).

The Crummeys contend that Crummey's 2005, 2006, and 2008 filings qualify as returns because they contained adequate data, purported to be returns, were signed under the penalty of law, and were filed in reliance on tax court and United States Supreme Court decisions that he believed showed his filings were valid.  But Crummey's filings were made on the incorrect forms. More importantly, he relied on claimed deductions for managing his "trusts"

5

that allowed him to pay no taxes on his income.  Crummey's incorrect filings and his stated reasons for making them, along with his decision not to pay taxes as a trust or an individual, echo other tax-protestor arguments that have been found to insufficiently demonstrate an honest and reasonable attempt to satisfy the tax law.  *See, e.g.*, *Green*, 322 F. App'x at 415 ("We have little difficulty concluding that Green's homemade 'disclosure documents' are not returns.");[6] *Rhodes v. Comm'r*, 152 F. App'x 340, 341 (5th Cir. 2005) (rejecting as frivolous argument that wages and investment income are exempt from federal taxation); *Arnett v. Comm'r*, 91 T.C.M. (CCH) 1303 (2006) (finding the honest and reasonable attempt standard not met where the individual asserted "tax-protester arguments that have been consistently rejected by this and other courts"), *aff'd*, 242 F. App'x 496 (10th Cir. 2007).  We therefore hold that Crummey's filings did not qualify as legitimate tax returns and affirm the tax court's ruling as to this finding.

A failure to file tax returns results in a penalty of 5% of the tax due on that return for each month the individual failed to file their return up to a maximum of 25% of the aggregate tax due.  26 U.S.C. § 6651(a)(1); *see also Ferguson v. Comm'r*, 568 F.3d 498, 501 (5th Cir. 2009).  Furthermore, if the failure to file a return is fraudulent, 26 U.S.C. § 6651(f) increases the penalty from an additional 5% per month up to a maximum of 25%, to an additional 15% per month up to a maximum of 75%.  The tax court determined that Crummey acted fraudulently and that the increased penalties therefore applied.

Crummey contends that there was insufficient evidence presented to the tax court to support the tax court's finding of fraud.  Crummey argues,

---

[6] Although *Green* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

No. 16-60620

therefore, that the increased penalties imposed on him were not justified. We again disagree and affirm the tax court's findings.

A finding of fraud requires that the Commissioner "prove affirmatively by clear and convincing evidence actual and intentional wrongdoing on the part of the [taxpayer] with a specific intent to evade the tax." *Webb v. Comm'r*, 394 F.2d 366, 378 (5th Cir. 1968) (quoting *Eagle v. Comm'r*, 242 F.2d 635, 637 (5th Cir. 1957)); *see also Payne v. Comm'r*, 224 F.3d 415, 420 (5th Cir. 2000); *Carlson v. United States*, 754 F.3d 1223, 1226–27 (11th Cir. 2014) (collecting cases). "Fraud is usually inferred from 'conduct, the likely effect of which would be to mislead or conceal.'" *Payne*, 224 F.3d at 420 (quoting *Spies v. United States,* 317 U.S. 492, 499 (1943)).

In determining whether a taxpayer's failure to file legitimate tax returns was fraudulent, we consider the following nonexhaustive list of elements: (1) understating income, (2) maintaining inadequate records, (3) failing to file tax returns, (4) giving implausible or inconsistent explanations of behavior, (5) concealing assets, (6) failing to cooperate with tax authorities, (7) engaging in illegal activities, (8) attempting to conceal illegal activities, (9) dealing in cash, and (10) failing to make estimated tax payments. *See Bradford v. Comm'r*, 796 F.2d 303, 307–08 (9th Cir. 1986) (citing *Spies*, 317 U.S. at 499).[7]

The tax court found that, prior to 2005, Crummey filed his taxes with a Form 1040, the usual form one uses for personal income tax. However, Crummey filed Form 1041 trust tax returns in 2005 and 2006, claiming deductions for alleged management of his "trust" in order to have zero tax

---

[7] The *Bradford* factors have been consistently used by our sister circuits. *See Langille v. Comm'r*, 447 F. App'x 130, 134–35 (11th Cir. 2011); *Wade v. Comm'r*, 185 F.3d 876, 1999 WL 508672, at *4 (10th Cir. 1999) (unpublished); *Pittman v. Comm'r*, 100 F.3d 1308, 1319 (7th Cir. 1996); *Day v. Comm'r*, 975 F.2d 534, 538–39 (8th Cir. 1992); *Douge v. Comm'r*, 899 F.2d 164, 168 (2d Cir. 1990); *Conti v. Comm'r*, 39 F.3d 658, 662, 664–65 (6th Cir. 1984).

liability.  Furthermore, Crummey ignored a suggestion by an IRS tax agent that he must file a personal return; instead, he filed a homemade return that again claimed to be for the Brent E. Crummey Trust.  Notably, each of these returns asserted that Crummey owed nothing in taxes for each of these years.

Crummey argues that these facts do not support a finding of fraud.  He suggests that his returns did not conceal income or assets, or otherwise demonstrate any illegal activities on his part.  Crummey also asserts that he cooperated with tax authorities.

Crummey's arguments do not demonstrate that the tax court clearly erred in determining that his failure to file returns was fraudulent.  Looking to the *Bradford* factors, Crummey understated his income, claiming to have a personal income of zero.  Crummey also participated in illegal acts, as evidenced by his conviction for tax fraud.

In addition, Crummey's previous use of the Form 1040, along with prior IRS requests to use the correct form, show that he was not ignorant of what the law required.  The tax court found Crummey literate and articulate.  The tax court found Crummey ignored decades of authority that disagreed with his personal tax theories and never consulted with a tax professional.  Crummey himself admitted during trial that, "[Y]ou kind of find yourself putting facts into kind of what you want to see, as opposed to a more . . . objective view." The tax court did not err in concluding from these facts and his failure to pay any taxes at all on three years' worth of income, that what Crummey wanted to see was that he did not have to pay income tax, so he concocted this trust scheme as a vehicle to avoid doing so.  The tax court's decision is supported by the fact that Crummey did not file personal income taxes claiming the distributions he received from the "trust" as income, which would have been taxable even if the "trusts" were legitimate.  Accordingly, we discern no error

in the tax court's determination that Crummey is liable for penalties under section 6551(f).

## 2.     Penalties Under 26 U.S.C. § 6651(a)(2)

The Crummeys next argue that the tax court improperly determined penalties under section 6651(a)(2).  Specifically, they contend that the IRS failed to credit Crummey for either his 2006 tax withholding or other payments relating to the 2006 tax year that were made beginning in 2012.

Wholly separate from the penalty imposed for failure to file a return under section 6651(a)(1) is the potential addition to taxes for failure to pay taxes under section 6651(a)(2), which states that a failure

> to pay the amount shown as tax on any return . . . *on or before the date prescribed for payment* of such tax . . . [shall result in an addition] to the amount shown as tax on such return 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

26 U.S.C. § 6651(a)(2) (emphasis added).

The plain language of section 6651(a)(2) requires that payment of taxes be made "on or before the date prescribed for payment."  Any amount paid on or before the operative dates reduces the penalties subsequently assessed to a taxpayer.   26 U.S.C. § 6651(b)(1) & (2).   The title of this subsection demonstrates that the penalties are imposed on the "net amount due."  *Id.* Under the Crummeys' argument, the tax court failed to consider 2006 tax withholdings in calculating the net amount due.

However, the Crummeys' argument misses a key point in the timeline concerning the 2006 withholding.   Undisputed evidence in the record demonstrates that Crummey applied for a refund of his 2006 withholding and

received that refund on March 13, 2007. Accordingly, Crummey was not entitled to a credit because the IRS was no longer in possession of his withholding "on or before the date prescribed for payment," which was April 16, 2007. § 6651(a)(2). This outcome stands in contrast to Crummey's 2005 withholding, which the IRS still possessed on April 15, 2006, and for which the IRS gave him credit, despite the fact that his later receipt of a refund was based on a fraudulent filing. *See Estate of Liftin v. United States*, 754 F.3d 975, 984–85 (Fed. Cir. 2014) ("The . . . tax return shows an overpayment . . . and thus a negative balance due. . . . Applying § 6651(b)(1), the penalty calculated pursuant to § 6651(a)(1) is zero . . . .").

Having received his 2006 refund prior to the tax date, the "net amount" owed by Crummey was the equivalent of the entire amount of taxes due to the IRS. The Crummeys cannot then use the fraudulent refund as a shield to protect them from the penalties owed on the unpaid amounts. Crummey received a windfall by receiving credit for his 2005 withholding because the plain language of the statute dictated such a result. The timing of his 2006 tax refund demands a different outcome.

The Crummeys also argue that the Commissioner did not take various payments made, beginning in 2013, into account when determining the penalties. But these payments came too late to affect any penalty owed because they did not come "on or before" April 16, 2007, "the date prescribed for payment" for his 2006 tax return. Furthermore, the payments came years after the maximum penalty had accrued. Accordingly, we affirm the tax court's decision as to all of the Crummeys' arguments regarding failure to credit and alleged overpayment.

**B.    Judicial Recusal**

A party may move for the recusal of a judge if "he has a personal bias or

prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," or when "his impartiality might reasonably be questioned." 28 U.S.C. § 455; *see also* § 144. "Under either statute, the alleged bias must be personal, as distinguished from judicial, in nature." *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007) (quoting *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1020 (5th Cir. 1981)). Therefore, "[a] motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case." *Id.* (quoting *Phillips*, 637 F.3d at 1020).

The Crummeys argue that the tax court judge's "knowing and intentional failure to apply the clear language of statutes and precedential case law evidences actual bias against the Crummeys." The Crummeys have provided no grounds for recusal other than disagreeing with the judge's decision in this case. This disagreement is not an adequate basis for recusal and certainly does not demonstrate that the judge abused her discretion. Accordingly, we also affirm the denial of the Crummeys' motion to recuse.

## IV. Conclusion

To the extent the Crummeys intended to make other arguments, we find those arguments unpersuasive. For the above reasons, we AFFIRM.