T.C. Memo. 2018-188

UNITED STATES TAX COURT

MICHAEL JAMES WELLS AND
LYNN ANITA KIRCHNER-WELLS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9693-17.                    Filed November 8, 2018.

Michael James Wells and Lynn Anita Kirchner-Wells, pro sese.

David B. Mora, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Judge:  This matter is before the Court on respondent's motion

for summary judgment filed pursuant to Rule 121.[1]  Respondent determined a

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the years at issue, and all Rule references are to the

(continued...)

[*2] deficiency in petitioner Michael James Wells' 2012 Federal income tax of $52,051 and additions to tax of $7,349.85, $7,186.52, and $547.03 under sections 6651(a)(1) and (2) and 6654, respectively.[2]  Respondent also determined a deficiency in petitioners' 2013 Federal income tax of $93,807.[3]

FINDINGS OF FACT

At the time the petition was filed, petitioners resided in Texas.

During the years at issue Mr. Wells worked in marketing at TransCanada and petitioner Lynn Anita Kirchner-Wells worked in sales at Hewlett-Packard. Petitioners filed joint Federal income tax returns for taxable years 2012 and 2013 that reported zero wages and zero income except for $10.59 in interest for taxable year 2012.  Petitioners sought refunds for the full amounts of tax withheld from their paychecks for both years.  Attached to their returns were Forms W-2, Wage and Tax Statement, from TransCanada and Hewlett-Packard which reflected the

---

[1](...continued)
Tax Court Rules of Practice and Procedure.

[2]Upon motion by respondent and after a hearing, the case was dismissed solely as to Ms. Kirchner-Wells' 2012 taxable year for lack of jurisdiction on the ground that the petition was not timely filed with respect to the notice of deficiency for 2012 issued to her on August 29, 2016.

[3]Respondent conceded the sec. 6662(a) penalty for petitioners' 2013 taxable year.

**[*3]** amounts of wages and tax withheld for each year and corrected Forms 1099-DIV, Dividends and Distributions, and other documents.

Petitioners also attached Forms 4852, Substitute for Form W-2, Wage and Tax Statement, to each of the returns indicating zero wages and the same amounts of tax withheld as was shown on each Form W-2. The Forms 4852 included the following tax protester statements:

> I am a private-sector worker, not an "employee" as defined in IRC 3401(c) and IRC 3121. I worked with a private-sector company, not a federal employer as defined in IRC 3401(d). I did not engage in a "trade or business" as defined in USC Section 7701(a)(26).
>
> \* \* \* \* \* \* \*
>
> Did not ask Payer to issue corrected forms listing my payments of "wages" as defined in IRC 3401(c) and IRC 3121 for fear of creating a conflicted work environment. Line 7(e)(h)(I) reflect accurately withheld values submitted by Payer on W-2.

Respondent did not treat petitioners' 2012 and 2013 returns as valid or timely. Instead, respondent prepared substitutes for returns (SFR) for both years pursuant to section 6020(b) and pursuant to section 6702(a) assessed frivolous return penalties against petitioners with respect to both returns. The SFRs showed tax liabilities of $52,051 and $93,807 for the 2012 and 2013 taxable years, respectively.

**[*4]**   On May 3, 2017, petitioners filed a petition with the Court, and this case was called from the calendar at the Court's February 12, 2018, Houston, Texas, trial session, where respondent filed a motion for summary judgment.  Petitioners filed an opposition to respondent's motion for summary judgment on February 15, 2018, and a hearing was held on the matter on February 16, 2018.

## OPINION

Summary judgment may be granted if there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(b). Factual inferences are viewed in a light most favorable to the nonmoving party, and the moving party bears the burden of proving that there is no genuine dispute of material fact and that he is entitled to judgment as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  However, the nonmoving party "must set forth specific facts showing that there is a genuine dispute for trial."  Rule 121(d); see Sundstrand Corp.v. Commissioner, 98 T.C. at 520.

## I.  Petitioners' Deficiencies

Gross income includes "all income from whatever source derived".  Sec. 61(a). Payments that are "undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion" are taxable income unless an

[*5] exclusion applies.  See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955).  Petitioners do not dispute that they received the income on which the deficiencies are based.  Instead petitioners argue that they are not liable for Federal income tax.  Petitioners' assertions that they are not employees and their wages do not constitute taxable income are common tax protester arguments that this Court has repeatedly rejected as groundless and frivolous.  See, e.g., Grunsted v. Commissioner, 136 T.C. 455 (2011); Bonaccorso v. Commisioner, T.C. Memo. 2005-278; Deputy v. Commissioner, T.C. Memo. 2003-210; Rayner v. Commissioner, T.C. Memo. 2002-30, aff'd, 70 F. App'x 739 (5th Cir. 2003).

We will not refute petitioners' arguments with somber reasoning and copious citations as if such arguments possessed some colorable merit.  See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).  Petitioners have alleged no facts in their objections to respondent's motion for summary judgment or argued that any material facts are in dispute relating to respondent's determination of their tax liabilities.  Therefore, respondent's deficiency determinations are sustained.

## II.  Additions to Tax Imposed Against Mr. Wells

Respondent determined Mr. Wells is liable for additions to tax under sections 6651(a)(1) and (2) and 6654 for the 2012 taxable year.  Under section

**[*6]** 7491(c), the Commissioner has the burden of production to show that the imposition of an addition to tax or penalty is appropriate. Respondent satisfied the burden of production by means of petitioners' return, third-party information returns relating to petitioners' income, and petitioners' Forms 4852 attached to their return and the SFR for 2012.

Section 6651(a)(1) requires an imposition of an addition to tax for failure to file a timely return unless the taxpayer proves that such failure was due to reasonable cause and not due to willful neglect. To determine whether a taxpayer has filed a valid return for purposes of section 6651(a)(1), the Court looks to the test in Beard v. Commissioner, 82 T.C. 766, 777 (1984), aff'd, 793 F.2d 139 (6th Cir. 1986). See, e.g., Holmes v. Commissioner, T.C. Memo. 2011-31.

The four-part test in Beard v. Commissioner, 82 T.C. at 777, requires that: (1) the document contains sufficient data to calculate tax liability, (2) the document purports to be a return, (3) there is a honest and reasonable attempt to satisfy the requirements of the tax law, and (4) the taxpayer execute the return under penalties of perjury. Respondent contends that the 2012 tax return Mr. Wells filed did not constitute a valid return because it did not meet the first and third requirements of the Beard test. We agree with respondent. First, a majority of courts and this Court have consistently held that a tax return containing only

**[\*7]** zeros is not a valid return because it does not contain sufficient information for the Commissioner to calculate and assess a tax liability. See United States v. Mosel, 738 F.2d 157 (6th Cir. 1984); United States v. Smith, 618 F.2d 280, 281 (5th Cir. 1980); Cabirac v. Commissioner, 120 T.C. 163, 169 (2003), aff'd without published opinion, 94 A.F.T.R.2d (RIA) 2004-5490 (3d Cir. 2004); Arnett v. Commissioner, T.C. Memo. 2006-134, aff'd, 242 F. App'x 496 (10th Cir. 2007). Second, zero returns accompanied by arguments that have been consistently rejected by the courts do not constitute an honest and reasonable attempt to satisfy the requirements of the tax law. See Cabirac v. Commissioner, 120 T.C. at 169-170; Halcott v. Commissioner, T.C. Memo. 2004-214. Mr. Wells did not file a valid return for taxable year 2012 and did not argue or show that his failure to file was due to reasonable cause. Therefore, respondent's determination that Mr. Wells is liable for the addition to tax for failure to file under section 6651(a)(1) is sustained.

Section 6651(a)(2) imposes an addition to tax for failure to pay timely the amount of tax shown on a return. Like the addition to tax for failure to timely file, this addition will not be imposed when a taxpayer demonstrates that failure to pay was due to reasonable cause and not willful neglect. Sec. 6651(a)(2). Mr. Wells did not file a valid return for 2012. However, respondent prepared an SFR for Mr.

**[*8]** Wells' 2012 taxable year (2012 SFR) pursuant to section 6020(b).  An SFR prepared by the Secretary under section 6020(b) is treated as the return filed by the taxpayer for purposes of section 6651(a)(2).  See sec. 6651(g)(2).  The record contains the 2012 SFR respondent prepared and issued to Mr. Wells and shows that the requirements of section 6020(b) are met.  See Rader v. Commissioner, 143 T.C. 376, 382 (2014), aff'd in part, appeal dismissed in part, 616 F. App'x 391 (10th Cir. 2015).  Mr. Wells did not dispute that he failed to pay the tax shown on his 2012 return and did not argue or show that his failure to pay was due to reasonable cause.  Therefore, respondent's determination that Mr. Wells is liable for the addition to tax for failure to timely pay under section 6651(a)(2) is sustained.

Section 6654 imposes an addition to tax for underpayment of a required installment of estimated tax.  The Commissioner's burden requires him to produce evidence that the taxpayer had a "required annual payment" under section 6654(d).  To do so the Commissioner must establish the tax shown on the taxpayer's return for the preceding year or demonstrate that the taxpayer filed no such return.  See Wheeler v. Commissioner, 127 T.C. 200, 208-211 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).  Respondent was able to show that Mr. Wells was required to file a Federal income tax return for 2012 but that the return he filed was invalid.

**[\*9]** Respondent produced a valid SFR showing a $52,051 tax liability for Mr. Wells' 2012 taxable year.  Further, respondent's motion for summary judgment included evidence showing that Mr. Wells did not file an income tax return for 2011.  Mr. Wells does not dispute that he did not make estimated tax payments for 2012.  Mr. Wells does not contend he qualifies for any of the exceptions under section 6654(e) and presented no argument with respect to the section 6654 addition to tax.  Therefore, we sustain respondent's determination that Mr. Wells is liable for the addition to tax under section 6654.

The Court may on its own determine whether to impose a penalty not to exceed $25,000 when it appears to the Court that a taxpayer's position is frivolous or groundless.  Sec. 6673.  We did not find in the record that petitioners have made these or similar frivolous claims in the Court before or that they have been previously forewarned.  Thus we will not impose one here, nor does respondent seek a section 6673 penalty in this case.  However, we caution petitioners that future advancement of these or similar arguments are likely to be sanctioned and will result in penalties of up to $25,000 under section 6673.

We have examined all the materials in the record and construed facts most favorably for petitioners, and we conclude that there is no genuine dispute as to

[*10] any material fact for trial in this case.  Therefore, respondent's motion for summary judgment will be granted.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.